# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3358

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Tammie Nannette Fryman, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: February 4, 2002
Filed: February 4, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Following a hearing, the district court[1] revoked Tammie Nannette Fryman's probation based on the court's finding that she had violated various probation conditions. Without objection from the parties, the court sentenced Fryman to 12 months imprisonment and 1 year supervised release. Fryman appeals her revocation sentence, arguing that the district court committed plain error by believing itself bound by the Chapter 7 Sentencing Guidelines policy statements.

_____

[1]The HONORABLE ROBERT T. DAWSON, United States District Judge for the Western District of Arkansas.

We cannot agree with Fryman's argument. The court's comments appear to us simply to reflect the court's understanding that it was required to consider the relevant Guidelines recommendation on a revocation sentence. See U.S.S.G. § 7B1.4(a), p.s. (table); United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993). Further, in these circumstances, any misunderstanding on the part of the district court would not rise to the level of plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.